UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRIENDS OF ETNA TURPENTINE
CAMP, INC.,

    Plaintiff,

v.                                                Case No. 3:17-cv-1409-J-34PDB

UNITED STATES FISH AND WILDLIFE
SERVICE, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report & Recommendation (Doc. 36; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on July 9, 2019. In the Report, the Magistrate Judge recommends that Plaintiff's Renewed Motion for an Award of Attorney's Fees and Costs (Doc. 31; Motion) be denied based on ineligibility. See Report at 29. On July 23, 2019, Plaintiff filed objections to the Report, see Plaintiff's Objections to Magistrate's Report and Recommendation to Deny Plaintiff's Motion for Fees and Costs (Doc. 37; Objections) and on August 7, 2019, Defendants filed a response to the Objections, see Defendants' Response to Plaintiff's Objections to Report and Recommendation (Doc. 38; Response). Thus, this matter is ripe for review.

In the Report, the Magistrate Judge recommends that the Court conclude that Plaintiff, Friends of Etna Turpentine Camp, Inc. (Etna), is not eligible for an award of the attorney's fees incurred in bringing this Freedom of Information Act (FOIA) suit against

Defendants, United States Fish and Wildlife Service (US FWS) and the United States Department of Interior.  See Report at 28.  In the Objections, Etna argues that "there are clearly erroneous factual errors relating to the delay in the service of the subject Complaint, the incorporation of US FWS' thirty-one (31) pages of response in opposing, and other considerations."  Objections at 2.  Etna also contends that the Magistrate Judge's recommendation of ineligibility is contrary to law.  See id.

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Because the Court finds that the Objections are due to be overruled and the Report adopted as the Court's opinion, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report.  Instead, the Court writes briefly only to address Etna's specific objections.

In the section of the Objections titled "Erroneous Finding of Facts," Etna first notes that the Report incorrectly states that Etna filed the Complaint initiating this action in the Ocala Division of the Court.  See Objections at 3.  Upon review, the Court finds that Etna is correct that the Report mistakenly states that Etna filed the Complaint in the Ocala Division.  It appears that Etna actually mailed the Complaint to and it was received in the

Jacksonville Division of the Court on December 18, 2017.  See Complaint (Doc. 1). As a result of the Complaint appearing to assert a dispute arising out of Citrus County, a county located in the Ocala Division of the Court, on December 19, 2017, the Clerk of the Court assigned the case an Ocala Division case number.  See generally Court Docket.  The Honorable James S. Moody, Jr., United States District Judge, corrected the error that same day by transferring the case to the Jacksonville Division.  See Report at 12, n.9. Thus, the identification of the Ocala Division as the location where Etna initially filed the Complaint is factually inaccurate.  This inaccuracy, however, is of no consequence.

The misidentification of the filing location in the Report does nothing to undermine the Magistrate Judge's factual finding that "Before service [of process], the [US] FWS provided the first partial response (December 22) . . . ."  Report at 23.  Indeed, Etna acknowledges that it actually served Defendants on January 8, 2018, which, of course, is some two weeks after the first partial response.  See Proof of Service (Doc. 5).  Why it occurred after the first partial response was not a factor in the Magistrate Judge's analysis, and the Magistrate Judge made no suggestion that Etna was being faulted for delaying service.[1]  Instead, the Magistrate Judge merely identified the unremarkable and undisputed fact that service of process was in fact accomplished on a date that followed the first partial response to Etna's FOIA request.  To address the misstatement identified

---

[1] Although the reason for the delay in service has no bearing on the resolution of the Motion, the Court observes that Etna's suggestion that but for the docketing error it might have served the Complaint before the December 22, 2017 first partial response is not supported by the record.  Etna mailed the Complaint to the Court on December 14, 2017 (it did not file it on that date).  It was received in the Jacksonville Division on the afternoon of December 18, 2017, and processed for docketing the next day on December 19, 2017. The Clerk of the Court issued the summonses that same day.  Although Etna argues that it was prepared to serve the summonses, it ignores the fact that the summonses still had to be mailed to counsel for Etna and then had to be served on US FWS, a process that after the January 2, 2018 re-issuance of the summonses took six days without any intervening holidays.  See Summons (Doc. 4); Proof of Service (Doc. 5).  Thus, the earliest Etna likely would have been able to accomplish service of process would have been December 26, 2017, still after the first partial response.

by Etna, in adopting the Report, the Court will modify the paragraph on page 11 under the heading "B. Filing of This Action" to reflect the accurate record. This inconsequential error, however, warrants no other relief.

Next, in identifying the "Erroneous Finding of Facts," Etna faults the Magistrate Judge for considering arguments from a previous US FWS filing which US FWS incorporated by reference in its response to the Motion. See Objections at 4. Etna recognizes that the Magistrate Judge noted that the US FWS's "incorporation by reference [was] inappropriate." See id.; Report at 1, n.1 (citing Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida (Local Rule(s))). Nevertheless, Etna objects to the Magistrate Judge's decision to consider the additional arguments in order to avoid delay. Etna points to no authority suggesting the Magistrate Judge's decision to do so was erroneous, much less clearly erroneous. It was neither. Waiver of a page limit set forth in the Court's Local Rules was well within the Magistrate Judge's sound discretion. See Local Rule 1.01(c) (permitting a judge to suspend application and enforcement of the rules in whole or in part). As such, this objection is without merit.

The remainder of the arguments set forth in the section of the Objections titled "Erroneous Finding of Facts," do not present objections to any factual finding made by the Magistrate Judge. Instead, they challenge the legal conclusions the Magistrate Judge drew from her factual findings.[2] These Objections are due to be overruled because the conclusions are fully supported by the record.

---

[2] Etna suggests that the Magistrate Judge "forgives" the fact that despite its delay in producing documents, in the related litigation regarding the construction of the Suncoast Parkway US FWS argued that Etna delayed in filing suit in that action. See Objection at 6. This suggestion is misplaced and warrants no relief. The Magistrate Judge specifically noted that US FWS's argument, in the face of its own delay, was inappropriate. Nevertheless, in considering whether US FWS's delay in producing documents effected Etna's claim in that litigation, the Magistrate Judge noted that Etna's request for preliminary injunctive relief
4

Finally, Etna argues that the determination that it is ineligible for a fee award is contrary to law. See Objections at 7-10. Etna contends that it substantially prevailed in this action and that the "narrow construction of the Freedom of Information Act, i.e. that an agency must blatantly deny disclosure yet be relieved from any liability for substantial delays without any explanation within the statutory timeframe" is contrary to the purposes of FOIA. Id. at 7, 9. This argument fails for at least two reasons. First, Etna's characterization of the Magistrate Judge's "construction of the Freedom of Information Act" ignores her thorough analysis of the specific factual record in this case, a record that fully supports the conclusion based on applicable law that Etna failed to establish that it "substantially prevailed." See Report at 22-23. After considering the "record as a whole" the Magistrate Judge concluded:

> Given the absence of opposition to the FOIA request, the pre-action communications indicating action on the FOIA request (consideration, collection, and review), the steady albeit arguably slow progress, and the regulatory process (track assignments, first-in, first-out policy), prosecution of this action cannot be reasonably regarded as "necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *See Lovell [v. Alderete]*, 630 F.2d [428] at 432 [(5th Cir. 1980)] (quoted).

Report at 23. The undersigned agrees with this assessment.

Second, Etna fails to identify any error in the legal authority cited or its application to the facts in this case. Instead, Etna expresses its disagreement with the recommended resolution of the Motion, but that disagreement does not support a determination that the recommendation set forth in the Report is contrary to law.

---

failed not because of any delay in filing the action but because Etna failed to establish a likelihood of success on the merits of its claim. See Report at 28. This statement is entirely accurate.

Upon independent review of the file and for the reasons set forth above, the Court will overrule the Objections, and with the modification set forth below will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objections to Magistrate's Report and Recommendation to Deny Plaintiff's Motion for Fees and Costs (Doc. 37) are **OVERRULED**.

2. In the Report, the paragraph on page 11 under the heading "B. Filing of This Action" now reads:

    On December 18, 2017, having received no documents responsive to the FOIA request, the plaintiff filed this action in the Jacksonville Division, but it was mistakenly opened as an Ocala Division case. Etna asked the Court to: (1) "Order Defendants to comply with the [FOIA]"; (2) "Order Defendants to provide access to the requested documents"; (3) "Expedite this proceeding as provided for in 28 U.S.C. § 1657"; (4) "Award Plaintiff costs and reasonable attorney[']s fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E)"; and (5) "Grant such other and further relief as may deem just and proper." Doc. 1 at 7.[3]

3. The Magistrate Judge's Report & Recommendation (Doc. 36), as modified in this Order, is **ADOPTED** as the opinion of the Court.

4. Plaintiff's Renewed Motion for an Award of Attorney's Fees and Costs (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of August, 2019.

MARCIA MORALES HOWARD
United States District Judge

---

[3] For the sake of brevity, the Court has not replicated the footnotes included in this paragraph of the Report. These footnotes, although not replicated here, are specifically adopted as part of the Court's opinion.

Copies to:

Counsel of Record